## 9189

### FORREST v. GREENVILLE, SPARTANBURG & ANDERSON RY. CO.

#### (86 S. E. 193.)

CARRIERS.    PARENT AND CHILD.    EVICTION OF PASSENGER.    CHARGE.
ACCORD AND SATISFACTION.

1. CHARGE ON FACTS.—Whether the eviction of a father from a street car would amount to an eviction of his infant children traveling with him, or the eviction of the children would amount to an eviction of the father, is dependent upon the surrounding circumstances, and the necessity for protection of the children, and a charge ignoring such circumstances and necessity was erroneous and upon the facts.

2. ACCORD AND SATISFACTION — CHARGE. — The giving of a requested instruction that an agreement for release of a liquidated demand must be executed by payment and acceptance of satisfaction in order to be binding, modified by the statement if a final settlement was. agreed upon, and defendant offered to settle according to such agreement, the plaintiff could not recover, was not erroneous.

Before MAULDIN, J., Greenville, June, 1914.    Reversed.

Action by Seymour Forrest against Greenville, Spartanburg and Anderson Railway Company.    From judgment for plaintiff, defendant appeals.    The facts are stated in the opinion.

*Messrs. Haynsworth & Haynsworth,* for appellant, submit: *As to charge on accord and satisfaction:* 5 Strob. 126; 8 Cyc. 505, 506, 509; 54 Vt. 182; 41 Am. Rep. 842; 55 Vt. 391; 45 Am. Rep. 622; 47 L. R. A. 417; 55 Atl. 411; 156 Pa. 276; 27 Atl. 162.    *Nature of action:* 9 S. C. 453; Pom. Remedies, p. 159, secs. 568, 801, 567-570; 15 Cyc. 254; 9 Am. St. Rep. 721; 3 Enc. Pl. & Prac. 818.

FOOTNOTE.—As to distinction between novation and accord executory, see note in 12 L. R. A. (N. S.) 1134; promise accepted in satisfaction of debt as executed accord, see note in 6 A. & E. Ann. Cas. 564; as to right to maintain action on original claim for mere failure to pay at time stipulated in agreement of accord and compromise, see note in 45 L. R. A. (N. S.) 1062.

*Mr. J. J. McSwain,* for respondent, cites: *Charge as to eviction responsive to complaint and testimony:* Hutch. Carriers, sec. 1025; 104 Tenn. 74; 78 Am. St. Rep. 911; 49 L. R. A. 319; 20 Am. St. Rep. 223. *Verdicts in actions for eviction of passengers:* 97 S. C. 153; 88 S. C. 421; *Ib.* 7; 69 S. C. 327; *Ib.* 110; 64 S. C. 514; 87 S. C. 184.

September 10, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff alleges that he traveled from Greenville to Oakvale on defendant's car, and had with him his two sons under twelve years of age. That defendant's conductor demanded ninety-eight (98) cents fare for the plaintiff and his two sons. That the charge was excessive. That plaintiff objected to the payment as excessive, but paid the amount demanded under threat of expulsion from the car. The defendant denied the allegations of the complaint, except its corporate existence, and pleaded full settlement of the claim.

The defendant offered testimony to show that the plaintiff told the conductor that he and his sons were going to Piedmont, and not Oakvale, and the ninety-eight cents collected was the proper fare to Piedmont. That when the plaintiff complained to the Greenville office of the overcharge, the agent of the defendant accepted plaintiff's statement without question, and agreed with plaintiff to refund to him sixty cents in settlement of the claim.

That the defendant's agent, Mr. Allen, wrote for a voucher and as soon as it came, sent the voucher to the plaintiff, and the plaintiff refused to receive it, and brought this action for actual and punitive damages.

There are four questions only in this case. All are questions of fact.

a. Did the plaintiff announce his destination as Oakvale or Piedmont?

b. Did the conductor understand the destination?

c. Was there a contract of settlement? If so, then,

d. What did the terms embrace?

There were, in all, twenty-two requests to charge. Requests to charge, like cross-examination, is a valuable right, but sometimes dangerous.

There are four exceptions, consolidated by appellant to two.

1 Did his Honor err in charging that if the father was evicted, it would amount to an eviction of his infant children; and if the children were evicted, it would amount to an eviction of the father?

The answer to the question depends upon circumstances and the necessity for protection. That was a question for the jury. The charge was also irrelevant and misleading as there was nothing in the case to indicate that there was a suggested separation of the parties. These exceptions are sustained.

2 Consolidating exceptions. There are four. Appellant says:

"The Judge, in substance, charged the jury that the amount of the excess fare was liquidated; that the agreement to release of this demand must be executed by the payment and acceptance of the money in order to be binding; and so long as the money was not paid, the agreement could be rescinded. True, the Judge added, 'I charge you that with this qualification, unless there was an agreement * * * whereby a basis of settlement was reached, and that agreement of settlement contemplated that its terms were definite and final and will be carried out in the way agreed upon by the parties.' "

As modified and explained, there was no error. His Honor said, in effect, if there was a final settlement agreed upon and the defendant offered to settle, according to agreement, the plaintiff can not recover.

The judgment is reversed and a new trial ordered.